JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5557
    Facsimile: (213) 894-7819
    E-mail: Alexander.Farrell@usdoj.gov

Attorneys for Defendant
The Secretary of U.S. Department of
Housing and Urban Development

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN BUENAVENTURA,<br><br>    Plaintiff,<br><br>    v.<br><br>NOLAN S. OLNEY, as Successor Trustee for the Ross & Patricia Olney Family Living Trust, U/A dated March 5, 2018; THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. CV 25-00544<br><br>NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[28 U.S.C. § 1442(a); 28 U.S.C. § 1444]<br><br>Complaint Filed: September 26, 2024 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE PLAINTIFF, BY AND THROUGH THE PLAINTIFF'S, COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1444, Defendant the Secretary of U.S. Department of Housing and Urban Development (the "Secretary") (erroneously sued as "The Secretary of Housing and Urban Development") hereby removes to this Honorable Court the State Court action described below. The grounds for this removal are as follows:

1. On September 26, 2024, the City of San Buenaventura filed a civil action against the Defendant in the Superior Court of the State of California for the County of Ventura ("State Court"), titled as *City of San Buenaventura v. Nolan S. Olney, et al.*, as case number 2024CUOR031347. A copy of the Complaint is attached as Exhibit 1 ("Compl."). All other pleadings received to date and filed on the State Court docket are attached as Exhibit 2.

2. The Complaint concerns certain residential property located at real property, commonly known as 2335 Sunset Drive, Ventura, California 93004, and identified by Assessor's Parcel Number 074-0-032-235 (the "Property").[1] Compl. ¶ 2. The Complaint alleges that the record title owner of the Property is defendant Nolan S. Olney, as successor trustee for the Ross & Patricia Olney Family Living Trust, U/A dated March 5, 2018 ("Olney"). The Complaint further alleges that the Secretary has a property interest that is recorded against the Property by way of a Deed of Trust and that Deed of Trust secures a Home Equity Conversion Mortgage ("HECM"), commonly known as a reverse mortgage. Compl. ¶ 5. The Complaint further alleges that in 2024, the Secretary initiated foreclosure proceedings against the Property. *Id*.

---

[1] The Complaint alleges that in 2024, the Secretary initiated foreclosure proceedings against certain residential real property. *See* Compl. ¶ 5. As a result of the foreclosure sale, the current owner of the property is the U.S. Department of Housing and Urban Development. Therefore, the Secretary can waive protection of identifiers on behalf of the property. *See* Fed. R. Civ. P. 5.2(h); C.D. Cal. L.R. 5.2-1. The Assessor's Parcel Number is a publicly available identifier from the records of the local county assessor's office.

3. The Complaint alleges that between 2018 and 2023, the City of San Buenaventura claims that it received information that the Property was subject to public complaints and state and municipal code enforcement violations based on its physical condition and occupancy. *See generally* Compl. ¶¶ 9-16. On or about January 18, 2024, inspectors from the City of San Buenaventura conducted an inspection of the Property and identified violations of state and municipal codes. *See* Compl. ¶¶ 17(a)-(z), (aa)-(ww). On or about April 12, 2024, the City of San Buenaventura recorded a Notice of Pendency of Action to Abate Nuisance against the Property. Compl. ¶ 18. City of San Buenaventura claims the Property as a public nuisance and seeks court intervention for the appointment of a receiver to remedy and oversee the rehabilitation of the "substandard" building conditions on the Property. Compl. ¶¶ 22, 26-27, 36-37. The Complaint includes a single claim for violations of California Health and Safety Code § 17980.7. Compl. ¶¶ 29-33.

4. This action is one which must be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of civil actions against "[t]he United States… or any officer (or any person acting under that officer) of the United States or of any agency thereof…" to the district court embracing the place where the action is pending. The Secretary is a federal officer acting in official capacity, and is entitled to, among other things, the federal defenses of sovereign immunity and the doctrine of federal preemption, and the federal defenses under the Supremacy Clause and Property Cause of the U.S. Constitution, as well as the National Housing Act. U.S. Const. art. IV, § 3, cl. 2; U.S. Const. art. VI, cl. 2; 12 U.S.C. §1710(g).

5. This Court also has removal jurisdiction pursuant to 28 U.S.C. § 1444, which permits removal for any action brought against the United States and its agencies under 28 U.S.C. § 2410 (Actions affecting property on which United States has a lien against real property subject to condemnation).

6. Plaintiff has not properly served the Secretary as required by Federal Rules of Civil Procedure 4(i). *See* Fed. R. Civ. P. (4(i)(2). In *Murphy Bros. v. Michetti Pipe*

2

*Stringing, Inc.*, 526 U.S. 344, 356 (1999), the Supreme Court held that service must be complete before the time limits for removal, pursuant to 28 U.S.C. § 1446(b), begin to run. There is no evidence filed in the State Court demonstrating Plaintiff served the United States and the Secretary with the summons, complaint, and other docket pleadings, in compliance with the Federal Rules of Civil Procedure 4. *See* Fed. R. Civ. P. 4(i)(1) (requiring service of process on the Attorney General of the United States, in addition to the United States Attorney's Office); *see also* Fed. R. Civ. P. 4(i)(2) (requiring service of process on the United States and also requiring mailing of copies of the summons and of the complaint by registered or certified mail to a United States agency or corporation); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."). Accordingly, the time for this case to be removed pursuant to 28 U.S.C. § 1446(b) has not begun to run and, thus, removal is timely.

7. Based on the removal, the State Court lacks jurisdiction to decide any of the relief requested by the City of San Buenaventura, **including the appointment of a receiver over the Property**. The Secretary asserts that any subsequent appointment of a receiver, as requested by the City of San Buenaventura, impermissibly interferes with the Secretary's rights under its deed of trust on the Property and would be impermissible after removal of the action to the United States District Court.

8. Consent from the only other named defendant Olney is not needed because the State Court action is removed pursuant to 28 U.S.C. § 1442. As if the date of removal, defendant Olney has not made an appearance in the State Court.

9. Promptly after filing this notice, the Secretary shall give written notice of this removal to the adverse party and to the Clerk of the State Court. *See* 28 U.S.C. § 1446(d).

10. This Court is the proper district and division to hear this case because Plaintiff brought this action in the Superior Court of the State of California for the County of Ventura. *See* 28 U.S.C. § 1442(a). The Western Division of this Court is

proper as the Complaint alleges the City of San Buenaventura is a municipal corporation located in the County of Ventura. *See* Compl. ¶ 3.

11. Because this notice is filed on behalf of a federal officer acting under the direction of a federal agency of the United States, no bond is required under the terms of 28 U.S.C. § 2408.

WHEREFORE, Defendant the Secretary of U.S. Department of Housing and Urban Development removes this action now pending in the Superior Court of the State of California for the County of Ventura, case number 2024CUOR031347, to the United States District Court for the Central District of California.

Dated: January 22, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

　　　*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant the Secretary of U.S. Department of Housing and Urban Development